UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OSCAR ARMANDO CABRERA VICENTE,

Petitioner,

v.

MARKWAYNE MULLIN; OFFICER
MONTGOMERY,

Respondents.

**ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS**
26-CV-3365 (NRM)

**NINA R. MORRISON**, United States District Judge:

Petitioner Oscar Armando Cabrera Vicente is a 33-year-old Salvadoran national, who entered the United States in April 2023. On June 10, 2026, around 4:00 PM, he was detained by Immigration and Customs Enforcement ("ICE") agents. He asserts that he was arrested without a warrant and was thereafter transferred to Nassau County Correctional Facility, East Meadow, New York, without an individualized bond hearing.

On June 11, 2026, Cabrera Vicente filed the instant Petition for Writ of Habeas Corpus (the "Petition") in the United States District Court for the Southern District of New York ("SDNY"). ECF No. 1. He alleges that his current detention violates his statutory and constitutional rights, and he seeks a stay of removal and an Order releasing him from custody on his own recognizance. Pet. at 2–4. In particular, he argues that his detention was unlawful because he was not determined to be a danger or flight risk beforehand. *Id.* ¶¶ 12, 16. He acknowledges that he has been arrested twice for driving while intoxicated ("DWI"), and that he has a scheduled court

1

appearance in Nassau County for June 11, 2026, in case number CR-006037-26NA. *Id.* ¶ 13. Cabrera Vincente also avers that he has a five-month-old U.S. citizen daughter. *Id.* ¶ 9. He further states that he has a master calendar hearing in his pending immigration court proceedings before an immigration judge ("IJ") scheduled to occur on August 24, 2026. *Id.* ¶ 11.

The instant petition was initially assigned to the Hon. Dale E. Ho in the Southern District of New York on June 11, 2026. That same day, Judge Ho issued an Order, ECF No. 3, directing Respondents to file — by 12:00 PM on June 12, 2026 — a submission stating (1) whether Petitioner was located within SDNY at the time of the Petition's filing, (2) providing certain information about Petitioner and his circumstances, (3) indicating the statutory provision under which they assert the authority to detain Petitioner, and (4) addressing whether there is any basis to distinguish the asserted grounds for detention from the Second Circuit's decision in *Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026).

Respondents — by and through counsel — filed their response to Judge Ho's Order on June 12, 2026, taking the position that Petitioner was detained under the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(E). ECF No. 4. They additionally asserted SDNY as an improper venue, given that Petitioner was detained in Nassau County, located within the United States District Court for the Eastern District of New York ("EDNY"). *Id.* at 1. Respondents' counsel also noted that "ICE has informed [counsel] that [Petitioner] will be transferred to a long-term facility [on June 12, 2026], but a facility has not yet been confirmed as of this filing."

*Id.* at 2.  The submission further mentioned Petitioner's upcoming master calendar hearing scheduled for August 24, 2026, as well as a pending charge accusing him of fourth-degree grand larceny.  *Id.* at 2.

Petitioner's counsel filed a letter before Judge Ho on June 12, 2026, explaining that he mistakenly filed the instant Petition in the SDNY and requesting that it be transferred to the EDNY.  ECF No. 6.  The same day, Respondents' counsel supplemented their initial response to Judge Ho, now taking the position that Petitioner was detained pursuant to 8 U.S.C. § 1226(a), as opposed to § 1226(c)(1)(E). *Id.*  According to government counsel, the ICE attorney assisting him mistakenly believed Petitioner was detained under § 1226(c) due to his pending grand larceny charge; however, the Supervisory Detention and Deportation Officer ("SDDO") who performed the individualized custody determination concluded that Petitioner was not a danger and processed him under § 1226(a).  *Id.*  Respondents' counsel stated that the SDDO reported Petitioner's criminal history to include the following: a June 2023 DWI arrest and August 2023 conviction; and a September 2025 arrest for third-degree assault, resulting in an October 2025 conviction for disorderly conduct.[1]  *Id.*

On June 15, 2026, Judge Ho transferred this case to the EDNY, and it was assigned to the undersigned the same day.  After entering a jurisdictional order preventing Respondents from transferring Petitioner outside of the EDNY, SDNY, and the District of New Jersey, this Court issued an Order directing Respondents to

---

[1] The letter also indicates that Petitioner's grand larceny charge may have been adjourned in contemplation of dismissal.

explain why the instant Petition should not be granted by 5:00 PM on June 18, 2026. Order to Show Cause dated June 15, 2026. The Order further directed Respondents to affirm that they have provided the Court with all facts material to Petitioner's claims and Respondents' opposition to those claims; and to attach all exhibits related to those facts. *Id.* Finally, the Court directed Respondents to identify Petitioner's location by 5:00 PM on June 16, 2026, in light of their representation that Petitioner would be moved to a long-term facility.[2] *Id.*

On June 16, 2026, the Court issued a supplemental Order, directing Respondents to — in their submission — "address whether there is any basis to distinguish the asserted grounds for detention in this case from this Court's decision in *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026)" and "state whether Petitioner was provided, prior to detention, an individualized custody determination based on his risk of flight or potential dangerousness, and include all relevant records documenting such process." Order dated June 16, 2026.

On June 17, 2026, Respondents sought an extension of their response deadline, until 5:00 PM on June 22, 2026. ECF No. 11. The Court granted the request in part, extending Respondents' deadline to 5:00 PM on June 19, 2026.

Respondents timely filed their response to the Court's Order to Show Cause, acknowledging that the Court's decision in *H.A.C.F.* "would dictate the outcome" in

---

[2] On June 16, 2026, Respondents confirmed that Petitioner was moved to Orange County Jail in Goshen, New York. ECF No. 10.

the present case, and reiterating that Petitioner is being detained pursuant to 8 U.S.C. § 1226(a).  ECF No. 12.

Counsel for Respondents is correct that, as the Second Circuit made clear in *Cunha*, because Petitioner has been living continuously in the United States and is not "seeking admission" into the country, his "detention is governed by Section 1226[.]" *Cunha*, 175 F.4th at 71.  Accordingly, "he is entitled to a bond hearing." *Id.*

Petitioner has now been detained for ten days, and Respondents have not provided him with a bond hearing.  More fundamentally, they have not alleged that they provided Petitioner with a *pre*-detention bond hearing before a neutral magistrate, which this Court found in *H.A.C.F.* and *Hyppolite v. Noem*, 808 F. Supp. 3d 474 (E.D.N.Y. 2025), is required for persons similarly situated to Petitioner. "Specifically, § 1226(a)'s implementing regulations require an individualized determination as to whether the detention of a noncitizen is appropriate after considering whether the noncitizen (1) is a 'danger to property or persons' and (2) is 'likely to appear for any future proceeding.'" *Hyppolite*, 2025 WL 2829511, at *13 (quoting 8 C.F.R. § 1236.1(c)(8)); *see also Artiga v. Genalo*, No. 25-CV-5208 (OEM), 2025 WL 2829434, at *8–9 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 493–95 (S.D.N.Y. Aug. 13, 2025); *Salcedo Aceros v. Kaiser*, No. 25 CV 06924 (EMC), 2025 WL 2637503, at *12 (N.D. Cal. Sep. 12, 2025); *cf. Cunha*, 2026 WL 1146044, at *22 n.11 (noting that "Section 1226(a) requires" "an initial bond determination").  Accordingly, as it did in *Hyppolite* and *H.A.C.F.*, the Court finds that Petitioner has established that his detention violates his Fifth Amendment right

to procedural due process, because Petitioner has resided in the United States since April 2023 and is therefore entitled to a pre-detention bond hearing under the Immigration and Nationality Act, 8 U.S.C. § 1226(a). *See Hyppolite*, 808 F. Supp. 3d 490–95.[3]

The Court in *Hyppolite* concluded that § 1226(a) and the Due Process Clause requires that noncitizens be given notice and a bond hearing prior to, or contemporaneously with, detention. *See Hyppolite*, 808 F. Supp. 3d at 491–95. Given that neither the Second Circuit nor the United States Supreme Court has yet to address this precise question, the Court adheres to the reasoning of its earlier decision and the conclusion reached by many other courts in this Circuit. *See, e.g.*, *Chipantiza-Sisalema v. Francis*, No. 25-CV-5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (holding that a "custody redetermination hearing" is "no substitute for the requirement that ICE engage in a 'deliberative process prior to, or contemporaneous with,' the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause" (internal quotation omitted)); *Tumba v. Francis*, 813 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) (noting that "the Government's violation of Petitioner's constitutional rights originated with her detention in the first instance," and that "a [post-deprivation] bond hearing could not cure that constitutional violation"); *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 318 (E.D.N.Y. 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 494–95 (S.D.N.Y.

---

[3] Nor have Respondents contended that Petitioner has a bond hearing scheduled for a future date.

2025); *Singh v. Maldonado*, No. 26-CV-00019 (OEM), 2026 WL 233216, at *8–10 (E.D.N.Y. Jan. 29, 2026); *O.F.B. v. Maldonado*, 810 F. Supp. 3d 394, 405 (E.D.N.Y. 2025); *Sidqui v. Almodovar*, No. 25-CV-9349 (VSB), 2026 WL 251929, at *17 (S.D.N.Y. Jan. 30, 2026). The Court hereby incorporates by reference its earlier analysis of these issues in *Hyppolite* and *H.A.C.F.*

Finally, the Court has also weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which sets forth the test that courts in the Second Circuit will apply when determining "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12, 2025). The Court has considered all of the facts and circumstances in the parties' submissions (including petitioner's community ties, the nature of his criminal history, and the fact that he is the father of a five-month-old U.S. citizen child), in weighing (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. *See Mathews*, 424 U.S. at 335. Ultimately, the Court finds that the balance of interests weighs heavily in Petitioner's favor, and that granting the writ is an appropriate remedy for the deprivation of his right to procedural due process.

It is hereby:

**ORDERED**, that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED**. It is further **ORDERED** that Respondents must release

Petitioner from custody **no later than 4:00 PM on June 20, 2026.**

In light of the fact that Petitioner is presently being held at Orange County Jail in Goshen, New York, it is further **ORDERED** that **counsel for Respondents shall keep Petitioner's counsel informed regarding the timing, location, and manner of Petitioner's release from custody**, so that counsel may be present or arrange to have a family member or other representative present at the time of Petitioner's release.

Respondents, through counsel, **shall file a letter on the docket no later than 7:00 PM on the same date (June 20, 2026)**, confirming that Petitioner has been released from custody.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court and without notice and an opportunity to be heard at a pre-deprivation bond hearing, at which Respondents will bear the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).

Petitioner's counsel may submit an application for attorney's fees and costs under the Equal Access to Justice Act within the time provided by the Local Rules.

**SO ORDERED.**


|  |  |  |
|---|---|---|
| Dated: | June 20, 2026 | */s/ Nina R. Morrison* |
|  | Brooklyn, New York | Nina R. Morrison |
|  |  | United States District Judge |

8